ELECTRONIC ENDORSEMENT ON DKT. #13 IN <u>PETRILLO V. U.S.A.</u>, 3:08 CV 1204 (JBA)

7/21/10 – On August 7, 2008, petitioner, appearing <u>pro se</u>, filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. #1), concerning his conviction and sentence in <u>U.S. v. Petrillo</u>, 3:05 CR 312 (JBA), in particular his designation at sentencing as a career offender and his defense counsel's alleged deficiency in failing to protect his appellate rights. On January 30, 2009, respondent United States filed its response (Dkt. #6), and on February 23, 2009 petitioner filed his reply (Dkt. #7).

On June 28, 2010, petitioner filed the pending Motion to Compel (Dkt. #13), in which he seeks copies of the sentencing transcripts "that the Connecticut Courts have in their possession[,]" namely a transcript from June 5, 1997 in the Meriden Superior Court, Dkt. #CR-96-173764, and a transcript, dated October 9, 1996 in the Derby Superior Court, Dkt. #CR-96-104352; attached to petitioner's motion is a transcript, dated June 5, 1997, from the Meriden Superior Court, in CR-96-173764 and four other cases. On July 15, 2010, Judge Arterton referred the pending motion to this Magistrate Judge. (Dkt. #14). Respondent has failed to file a timely brief in opposition.

Despite respondent's failure to respond, petitioner's motion cannot be granted in whole, because it is directed to transcripts that "the Connecticut Courts have in their possession." Respondent is the United States, not the state courts. Therefore, plaintiff's Motion to Compel (Dkt. #13) is <u>granted, only to the extent that respondent has within **its** possession copies of the transcripts that petitioner seeks</u>. Respondent shall comply **on or before July 30, 2010**. From petitioner's attachment to his motion, it appears that he already has a copy of the June 5, 1997 transcript from the Meriden Superior Court.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**